IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30267
Conference Calendar

_____

KENNETH STONE,

                                        Petitioner-Appellant,

versus

BURL CAIN,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1649-K
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Kenneth Stone, Louisiana prisoner # 85667, appeals the
dismissal of his 28 U.S.C. § 2254 application.  Stone filed the
application to challenge his conviction on heroin possession and
distribution charges.  The district court granted a certificate
of appealability (COA) as to whether Campbell v. Louisiana,
523 U.S. 392 (1998), applied retroactively to Stone's claims.

     Stone argues that Campbell announced a new rule of law for
purposes of 28 U.S.C. § 2244(d)(1)(C) and submits that the rule

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of Campbell applies retroactively.  He contends that his application was timely under 28 U.S.C. § 2244(d)(1)(C) as it was filed within one year of the date that the right was recognized by the United States Supreme Court in Campbell.

In Campbell the Supreme Court held, on direct review from a criminal conviction, that a white defendant possessed standing to object to discrimination against black people in the selection of his grand jury.  See Campbell, 523 U.S. at 400.  After the grant of COA, we held that Campbell does not apply retroactively to cases on collateral review.  See Peterson v. Cain, 302 F.3d 508, 512-15 (5th Cir. 2002), cert. denied, 123 S. Ct. 886 (2003).  The holding of Peterson disposes of the issue on which COA was granted.  Accordingly, the judgment of the district court is AFFIRMED.